## CASPER GLACKMAN v. COMMONWEALTH.

**Disorderly House—Indictment for Permitting—Objection to Instructions—Words and Phrases.**

    A defendant was indicted for permitting the keeping of a disorderly house on premises owned by him, and an instruction, at the trial, was that "if the defendant did then and there in any house, or any premises in his possession or under his control, suffer any men and women, etc.," to which an objection was made in that by use of the word "suffer" the jury were misled, as the defendant could not be punished for disorders committed unless in his house or on his premises with his knowledge and by his permission. Held, that the use of the word "suffer" was in place of "permit" or "consent," and implies in the connection in which it is used a knowledge of improper conduct of those who met at his house or on his premises and an acquiesence in the same, and therefore not misleading to the jury.

**Criminal Code—New Trial—Refusal to Grant.**

    Under Section 349, Criminal Code, it is provided that an error in granting or refusing a new trial shall not be cause for reversal. Under these provisions it is obvious that the sufficiency of the evidence to sustain a charge in an indictment, cannot be enquired into by the Appellate Court, nor the judgment reversed on that ground.

APPEAL FROM PENDLETON CIRCUIT COURT.

June 2, 1868.

OPINION OF THE COURT BY JUDGE PETERS:

Three grounds are relied upon here for reversal, First, that appellant's demurrer to the indictment should have been sustained.

That is an error, even if it be one, for which this court cannot reverse the judgment.

*By sub-section 2 Section 349 Civil Code, it is* provided that an error in not setting aside an indictment, or in overruling a demurrer thereto, shall not be sufficient to reverse a judgment.

The second objection is that the court below erred in the instructions given to the jury, and more particularly in the first instruction, in which the jury was told that if the defendant did then and there in any house, or any premises in his possession or under his control *"suffer"* any men and women, &c., stress being put on the

word suffer in the objection, in which it is insisted that by the use of that word the jury not only might be, but was most probably misled, as the defendant could not be properly punished unless the disorders complained of were committed in his house, or on his premises with his knowledge and by his permission. The word is used in the instruction in the place of, and for the word "*permit*" or consent, and implies in the connection in which it is used a knowledge of the improper conduct of those men and women who met at his home, or on his premises, and an acquaintance in the same and in that sense the jury must have understood it and con-sequently it was not misleading.

As to the last objection that the verdict is not sustained by the evidence it is sufficient to remark *that by section* 348 *Criminal Code* it is provided that the judgment can only be reversed for errors of law apparent on the record prejudicial to the appellant, and by section 349, it is provided that an error in granting or refusing a new trial, shall not be cause of reversal. Under these provisions it is obvious that the sufficiency of the evidence to sustain the charge contained in the indictment, cannot be inquired into by this court, nor the judgment be reversed on that ground. In this case no error was committed in granting instructions, and none seem to have been overruled. Wherefore as the whole case seems to have been submitted to the jury on unobjectional instruc-tions it results that the judgment must be *affirmed*. .*Murpwhy vs. Commonwealth* 1 *Met.*, 365.

C. H. Lee, for appellant. .